UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DURVEN CARL DAWES,<br><br>                    Plaintiff,<br><br>       -against-<br><br>NEW YORK CITY HOUSING AUTHORITY,<br>*et al.*,<br><br>                    Defendants. | 20-CV-1417 (JGK)<br><br>ORDER OF SERVICE |

JOHN G. KOELTL, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his rights under federal law. The Court liberally construes the complaint as asserting claims under 42 U.S.C. § 1983 that Defendants retaliated against Plaintiff in violation of his First Amendment rights, as well as claims under the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, the Fair Housing Act ("FHA"), and the New York City and New York State Human Rights Laws. By order dated March 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint, which is not a model of clarity: Plaintiff resides in NYCHA housing. In October 2018, NYCHA employees, Ms. Jone, Karen Moye, Diana Fong, Yelena Kogan, Phillip Lorranine, and an unknown "repairs man," "all act[ed] together" and "illegally cut" the power to his apartment. (ECF No. 2, at 6.)[1] Plaintiff alleges that they cut his power even though they knew he had asthma and used an "electric asthma pump and other medication" that required electricity. (*Id.*) He was without power for three days. (*Id.* at 8.) Plaintiff further alleges that on an unspecified date, Karen Moye and two John Does entered his apartment, knocked his cell phone out of his hand, and "assaulted," "threaten[ed]," and "harass[ed]" him. (*Id.* at 7.) Plaintiff asserts that Defendants took these actions "due to complaints [and] reports" that Plaintiff made to 311 and "other agencies because of mold, peeling paint, and other unhealthy conditions" inside his apartment. (*Id.*).

Plaintiff names as defendants NYCHA, Karen Moye, Diana Fong, Yelena Kogan, and Phillip Lorranine. He also sues Paul Sebastian, Mr. Uwn (full name unknown), Anita Lal, Kimberly Taylor, Monique McLeod, John Resi, Lynnette Hill, Mohammed Zubair, Ms. Brown (full name unknown), Hector Ramos, Ms. Barnette (full name unknown), and "other John Does and Jane Does who[se] names [are] unknown at this time." (*Id.* at 3.)

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

## DISCUSSION

**A.      Service on NYCHA, Karen Moye, Diana Fong, Phillip Lorranine, and Yelena Kogan**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants NYCHA, Karen Moye, Diana Fong, Phillip Lorranine, and Yelena Kogan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Leave to Amend: Hector Ramos, Paul Sebastian, Mr. Uwn, Anita Lal, Kimberly Taylor, Monique McLeod, John Resi, Lynette Hill, Mohammed Zubair, Ms. Brown, and Ms. Barnette**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). A plaintiff may be able to hold an individual defendant personally liable under § 1983 if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873. However, courts in the Second Circuit are divided about whether and how the factors articulated in *Colon* survive the Supreme Court's opinion in *Iqbal*. *See, e.g.*, *Lebron v. Myrzglod*, No. 14-cv-10290, 2017 WL 365493, at *5 (S.D.N.Y. Jan. 24, 2017) (collecting cases).

In any event, even under *Colon*, the plaintiff does not allege any facts showing how Defendants Hector Ramos, Paul Sebastian, Mr. Uwn, Anita Lal, Kimberly Taylor, Monique McLeod, John Resi, Lynette Hill, Mohammed Zubair, Ms. Brown, and Ms. Barnette were personally involved in the events underlying his claims. Plaintiff proceeds in this matter without

the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court therefore grants Plaintiff 60 days' leave to file an amended complaint alleging facts showing how these defendants were personally involved in violating his rights.

**C.     Leave to Amend Instructions**

First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] Plaintiff should provide as much identifying information as he can regarding any John Doe defendants. The naming of John Doe defendants does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint.

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "NYCHA employee John Doe #1 working on August 31, 2010, at 250 Broadway, around 3:00 pm."

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

1. give the names and titles of all relevant persons;

2. describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

3. give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

4. give the location where each relevant event occurred;

5. describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

6. state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

If Plaintiff fails to submit an amended complaint within the time prescribed, the Court will dismiss his claims against Hector Ramos, Paul Sebastian, Mr. Uwn, Anita Lal, Kimberly Taylor, Monique McLeod, John Resi, Lynette Hill, Mohammed Zubair, Ms. Brown, and Ms. Barnette for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for NYCHA, Karen Moye, Diana Fong, Phillip Lorranine, and Yelena Kogan, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption to the document as an "Amended Complaint," and label the document with docket number 20-CV-1417 (JGK). An Amended Complaint form is attached to this order.

In light of the current global health crisis, parties proceeding pro se are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Pro se parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is attached to this order and is available on the Court's website. Pro se parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for pro se parties, please visit the Court's website at nysd.uscourts.gov.

SO ORDERED.

Dated:   April 30, 2020
         New York, New York

/s/ John G. Koeltl
JOHN G. KOELTL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Housing Authority
   250 Broadway, 9th Floor
   New York, NY 10007

2. Karen Moye
   Manager
   New York City Housing Authority
   250 Broadway, 9th Floor
   New York, NY 10007

3. Diana Fong
   Housing Assistance
   New York City Housing Authority
   250 Broadway, 9th Floor
   New York, NY 10007

4. Phillip Lorranine
   New York City Housing Authority
   250 Broadway, 9th Floor
   New York, NY 10007

5. Yelene Kogan
   New York City Housing Authority
   250 Broadway, 9th Floor
   New York, NY 10007

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Name (Last, First, MI)

Address         City         State         Zip Code

Telephone Number         E-mail Address

Date         Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007