UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DURVEN CARL DAWES,

                Plaintiff.

  - against -

NEW YORK CITY HOUSING AUTHORITY, ET AL.,

                Defendants.

20-cv-1417(JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

    The plaintiff sued the New York City Housing Authority (NYCHA), various employees of NYCHA, and former Mayor Bill de Blasio alleging that the defendants have failed to remediate unsafe conditions in his NYCHA apartment. In particular, the plaintiff alleges that he has asthma and that his apartment contained mold and that garbage built up outside his window. In the Second Amended Complaint, the plaintiff brings a claim under 42 U.S.C. § 1983 alleging that the failure to remediate these conditions constituted a violation of his constitutional rights to substantive and procedural due process, and violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq. In his opposition to the motions to dismiss, the plaintiff adds that the actions by the defendants also violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the New York State Human Rights Law ("NYSHRL").

The defendants now move to dismiss the plaintiff's second amended complaint for failure to state a comprehensible claim under Federal Rule of Civil Procedure 8, failure to state a basis for federal jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Former Mayor Bill DeBlasio has submitted a separate motion making substantially the same arguments. For the following reasons, the defendants' motions to dismiss are **granted**.

I.

NYCHA correctly points out that, despite the plaintiff's references to NYCHA in his papers, this Court dismissed NYCHA as a defendant in this case when the plaintiff failed to name NYCHA as a defendant in the Second Amended Complaint, despite the Court's warning that the plaintiff was required to name in his Second Amended Complaint any defendant he wished to sue. See ECF No. 24. With respect to the individual defendants, there are 17 alleged NYCHA personnel in the Second Amended Complaint, but the plaintiff does not attempt to defend the allegations against 11 of those personnel who are not even mentioned in the plaintiff's opposition to the current motions. With respect to the remaining 6 defendants who are NYCHA personnel, neither the Second Amended Complaint, nor the Opposition, provides the details of the alleged personal involvement of these defendants which is

essential to state a claim against these individual defendants. See Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). The claims against all NYCHA personnel must therefore be dismissed.

Similarly, the claims against former Mayor Bill DeBlasio must be dismissed. The plaintiff has failed to allege the details of the personal involvement of the former Mayor in the violations alleged by the Plaintiff. In his opposition to the current motion the plaintiff relies on statements by the former Mayor about his responsibility for NYCHA in connection with the funding provided by the City. But that is not an admission of the former Mayor's personal involvement with the conditions in the plaintiff's apartment.

## II.

The plaintiff argues that he has been discriminated against intentionally because of his asthma in violation of the FHA. The FHA "broadly prohibits discrimination in housing." Gladstone, Realtors v. Vill. of Bellwood, 441 U.S. 91, 93 (1979). Among other provisions, the FHA makes it unlawful to "discriminate in the . . . rental [of], or to otherwise make unavailable or deny, a dwelling to any . . . renter because of a handicap." 42 U.S.C.

3

§ 3604(f)(1). The FHA also prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). A handicap is defined as "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h). To state a claim for intentional discrimination under the FHA, the plaintiff must show that the plaintiff (1) was a member of a protected class, (2) suffered an adverse action, and (3) "has at least minimal support for the proposition that the housing provider was motivated by discriminatory intent." Francis v. Kings Park Manor, Inc., 992 F.3d 67, 73 (2d Cir. 2021).

The plaintiff alleges that he has asthma. "Asthma is a physiological disorder that affects the respiratory system" and is thus a physical impairment within the meaning of the FHA. Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir. 1994). "Whether a plaintiff with asthma is substantially limited in his ability to work or to breathe is a fact specific question." Murtha v. N.Y. State Gaming Comm'n, No. 17-cv-10040, 2019 WL 4450687, at *10 (S.D.N.Y. Sept. 17, 2019) (discussing asthma under the ADA). The plaintiff alleges that his living conditions have "trigger[ed] asthma attacks sending [the plaintiff] to the emergency room." Second Am. Compl., ECF No. 18, at 10. Because

4

the plaintiff alleges that his asthma substantially limits his ability to breathe, the plaintiff has alleged adequately that his asthma is a handicap within the meaning of the FHA.

However, the plaintiff does not allege any facts in the second amended complaint showing that the defendants discriminated against the plaintiff because of his asthma. Because the plaintiff does not allege such facts showing discriminatory intent on the defendants' part, the plaintiff has not alleged a prima facie case of intentional discrimination under the FHA.

The plaintiff also argues that the defendants have failed to accommodate his asthma reasonably in violation of the FHA. To state a reasonable accommodation claim, a plaintiff must demonstrate that: (1) the plaintiff suffers from a handicap as defined by the FHA; (2) the defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap "may be necessary" to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation. See Logan v. Matveevskii, 57 F. Supp. 3d 234, 256 (S.D.N.Y. 2014). The plaintiff has not alleged facts showing that the defendants knew, or reasonably should have known, about his asthma. Moreover, the plaintiff has not alleged facts showing that the plaintiff made any accommodation requests, nor that the

5

defendants denied any such requests if they were made. Accordingly, the plaintiff has not plausibly alleged that the defendants failed to make reasonable accommodations for his asthma.

The plaintiff also brings claims under the ADA, Section 504 of the Rehabilitation Act, and the NYSHRL. These claims were not asserted in the second amended complaint and are only raised for the first time in the plaintiff's opposition. In any event, "because of similarities in the three statutes, intentional discrimination claims under the ADA, Rehabilitation Act, and FHA are considered in tandem." Forziano v. Indep. Group Home Living Program, Inc., 613 F. App'x 15, 18 (2d Cir. 2015). Similarly, reasonable accommodation claims under the ADA and Section 504 of the Rehabilitation Act are treated the same as claims under the FHA. See Logan, 57 F. Supp. 3d at 253. Discrimination claims under the FHA and NYSHRL are also "evaluated under the same framework," Francis, 992 F.3d at 80, as are claims for reasonable accommodations. See Pinckney v. Carroll, No. 18-cv-12198, 2019 WL 6619484, at *6 (S.D.N.Y. Dec. 4, 2019). Accordingly, for the same reasons that the plaintiff has not made a claim under the FHA, the plaintiff has not made a claim of intentional discrimination or reasonable accommodation under any of these statutes.

III.

The defendants seek to have the Second Amended Complaint dismissed with prejudice, but pro se plaintiffs should generally be permitted to file an amended complaint after the first decision granting a motion to dismiss. See Steele v. Zhejiang Hushai Pharm. Co. Ltd., No. 19-cv-4106, 2019 WL 2357538, at *2 (S.D.N.Y. June 3, 2019) ("District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects."). Therefore, the Second Amended Complaint is dismissed without prejudice to the ability of the plaintiff to file an Amended Complaint within 30 days of the date that the plaintiff receives this Memorandum Opinion and Order.

**CONCLUSION**

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's Second Amended Complaint is dismissed without prejudice. The Clerk is directed to mail a copy of this Memorandum Opinion and Order to the Pro Se plaintiff and to note service on the docket. The Clerk is also directed to close all pending motions.

SO ORDERED.
Dated: New York, New York
September 21, 2022

_____
John G. Koeltl
United States District Judge