UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DURVEN CARL DAWES,

                              Plaintiff,

                -against-

KAREN MOYE et al.,

                              Defendants.

20-cv-1417 (AS)


OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Durven Carl Dawes filed this case against current and former NYCHA employees who worked (or supervised work) at the Baruch Houses, where Dawes resides. They are Tobi Brown, Diana Fong, Lynnette Hill, Bianca Jones, Chris Jorge, Anita Lal, Sonji Logan, Monique McLeod, Karen Moye, Lorraine Phillips, Shang Scarborough, Vladislav Sosunov, Kimberly Taylor, Freddy Wilson, and Mohammed Zubair. Dawes, who suffers from asthma, says that the defendants failed to remediate the deplorable conditions in his apartment, and retaliated against him when he complained. He brings claims for disparate-treatment disability discrimination, failure to provide a reasonable accommodation, and retaliation, under the Fair Housing Act (FHA), Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (Rehab Act), and the New York State Human Rights Law (NYSHRL). Defendants have now moved for summary judgment. The motion is GRANTED in part and DENIED in part.

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if a reasonable jury could find for either side. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a fact is "material" if it could "affect the outcome." *Id.* The Court views the record "in the light most favorable to the non-movant." *Williams v. MTA Bus Co.*, 44 F.4th 115, 126 (2d Cir. 2022) (cleaned up). But if the non-movant will bear the burden of proof on an issue at trial, it must point to some evidence supporting the "essential element[s]" of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## DISCUSSION

*First*, defendants argue that Dawes's ADA, Rehab Act, and NYSHRL claims against defendants Hill and Lal are untimely. Dkt. 177 at 6. Dawes fails to address this issue in response to the

motion, and raises no facts that give rise to a genuine issue of material fact. Defendants' motion for summary judgment on these claims against Hill and Lal is GRANTED.

*Second*, defendants argue that Dawes's FHA claims against Brown, Hill, Lal, and Phillips are untimely. Dkt. 177 at 6–7. Similarly, Dawes fails to address this issue and asserts no facts that give rise to a genuine issue of material fact. Defendants' motion for summary judgment on these claims against Brown, Hill, Lal, and Phillips is GRANTED.

*Third*, defendants—who are all individuals—say they're not subject to the ADA or the Rehab Act. Dkt. 177 at 7–8. Dawes doesn't dispute this, or argue that the individual defendants are subject to these statutes. Any such arguments are waived, and defendants' motion for summary judgment on these claims is GRANTED.

*Fourth*, defendants argue that Dawes's claims of disparate treatment fail as there are no facts giving rise to an inference that Dawes's disability was a motivating factor in the allegedly adverse actions taken against him. Dkt. 177 at 10–12. The Court agrees with defendants that Dawes has failed to establish a triable issue of material fact that defendants were motivated by discrimination against Dawes's disability, for the reasons set forth in their opening and reply submissions. *Id.*; Dkt. 183 at 5–8.

*Fifth*, defendants argue that Dawes lacks actionable failure-to-accommodate and retaliation claims under the FHA and NYSHRL, arguing that there is no evidence that Dawes requested ex-pedited repairs, or that he was denied an equal opportunity to enjoy his apartment due to a re-quested and reasonable accommodation that defendants denied. Here, the Court disagrees. These claims raise highly factbound issues that cannot be resolved on summary judgment. Based on the facts recited in Dawes's summary-judgment opposition, there is a triable issue of fact on these claims. Dkt. 180 at 9–20.

*This leaves two issues outstanding. First*, defendants argue that Dawes has failed to elicit any specific facts supporting these remaining claims against defendants Fong, Hill, Jones, Jorge, Lal, Logan, McLeod, Phillips, Scarborough, Sosunov, Taylor, Wilson, Brown, or Zubair, Dkt. 183 at 4–5, leaving only defendant Moye, the alleged ringleader of the actions against Dawes. Dawes's opposition brief doesn't directly address the basis for each of these individuals' liability, leaving the Court to rummage through the record for support, unsure of whether Dawes desires to assert claims against these individuals or not.

On or before **Friday, February 13, 2026**, Dawes must identify which defendants he continues to assert the reasonable-accommodation and retaliation claims against, and the factual basis for those charges of liability, identifying in a bullet point the fact, followed by the Dkt. Number that contains the admissible evidence that supports that fact, limited to what has been presented on the summary-judgment record. Defendants may respond to this submission on or before **Wednesday, February 25, 2026**. *Second*, in passing, the parties dispute whether damages are available on Dawes's reasonable-accommodation claims. But neither side spends much time on the issue. For this reason, the parties may address this issue again in connection with their motions in limine.

2

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is GRANTED in part and DENIED in part. In addition to filing the submissions referred to above, the parties should meet and confer on mutually agreeable trial dates in June, July, or August 2026 and submit them to the Court via a joint letter by **Monday, March 2, 2026**.

The Clerk of Court is directed to terminate Dkt. 168.

SO ORDERED.

Dated: January 29, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3